# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br>v.<br>Hector Ibarra-Cisneros | **ORDER OF DETENTION PENDING TRIAL**<br><br>Case Number: CR-19-1223-09-PHX-JJT (ESW) |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☐      by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒      by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☐      (1)     There is probable cause to believe that the defendant has committed
       ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.
       ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).
       ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.
       ☐ an offense involving a minor victim prescribed in __.[1]

☐      (2)     The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒      (1)     There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐      (2)     No condition or combination of conditions will reasonably assure the safety of others and the community.

☐      (3)     There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

---

[1]Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

# PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☐    (1)   I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

☒    (2)   I find by a preponderance of the evidence as to risk of flight that:

- ☒ The defendant is not a citizen of the United States.
- ☐ The defendant, at the time of the charged offense, was in the United States illegally.
- ☐ The defendant has no significant contacts in the United States or in the District of Arizona.
- ☐ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.
- ☐ The defendant has a prior criminal history.
- ☒ The defendant lives and works in Mexico.
- ☐ The defendant is an amnesty applicant but has no substantial ties in Arizona or in the United States and has substantial family ties to Mexico.
- ☐ There is a record of prior failure to appear in court as ordered.
- ☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.
- ☐ The defendant is facing a minimum mandatory of __ incarceration and a maximum of __.

☐ The defendant does not dispute the information contained in the Pretrial Services Report, except:

☒ In addition:
<u>Defendant is a 26-year-old citizen of Mexico who has been charged with a single drug trafficking conspiracy count. He has no prior criminal history and had a B1/B2 visa to work in the United States. [The visa may have been revoked after his arrest.] Defendant lives in Mexico with his wife. His parents also live in Mexico. Defendant has an uncle in Phoenix, and an aunt who lives in El Centro, California. There is no evidence of drug use by Defendant. Defendant's parents, wife, aunt, and uncle were present in court to support Defendant. Defendant has a college degree from Mexico and works for an international shipping company. But Defendant is connected by wiretap calls and surveillance to two methamphetamine seizures: 24 kilograms of methamphetamine on May 14, 2019 and 21 kilograms of methamphetamine on September 6, 2019. Defendant was not found in possession of those drugs but instead appears to be connected with courier operations related to methamphetamine and</u>

<u>money. Defendant appears to have an average role in the conspiracy. The charged offense has a 10-year mandatory minimum, but Defendant appears Safety Valve eligible. Importantly, Defendant's strong ties are all connected to Mexico. He lives in Mexico with his wife, and he works in Mexico. He has no property or residence in the United States, but instead travels here for business. Despite his strong family support, Defendant does not have significant ties to the United States. The Court finds Defendant is a serious flight risk. The Court has considered the Bail Reform factors. The nature and circumstances of the offense favor detention based upon the significant quantities of methamphetamine that were seized, Defendant's role in the organization, and his participation in the conspiracy on multiple occasions. The strength of the evidence is the least important factor, but it also favors detention because the government has compelling wiretap evidence connecting Defendant to the conspiracy. The strength of the evidence has added significance because Defendant is not a United States citizen and a conviction would result in his virtually-certain removal from the United States. The strength of the evidence increases this Defendant's risk of flight. Defendant's history and characteristics both favor and do not favor detention, and the Court determines this factor is neutral. The nature of the danger to the community is significant, and this factor favors detention. The Court has considered whether electronic monitoring would decrease Defendant's risk of flight and finds that it would not. Any defendant could easily remove an ankle monitor and travel to the Mexico border before Pretrial Services, the USMS, and the Court could take action. For the reasons more fully explained on the record, the Court finds Defendant is a flight risk for which no conditions will reasonably secure his future attendance in Court. The Court does not find by clear and convincing evidence that Defendant is a danger due to his lack of criminal history, role in the conspiracy, education, and family support.</u>

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 24th day of October, 2019.

Honorable John Z. Boyle
United States Magistrate Judge